UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-30001-MAP |
| ANTHONY ARILLOTTA, | ) |
| DAVID CECCHETELLI, and | ) |
| LOUIS NAIOLEARI, | ) |
| | ) |
| Defendants. | ) |

THE PARTIES' SECOND JOINT STATUS
REPORT PURSUANT TO LOCAL RULE 116.5(A)

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, Vincent Bongiorni, Esq., Daniel Kelly, Esq. and Mark Mastroianni, Esq., counsel for defendants, hereby submit the following status report pursuant to Local Rule 116.5(A) and Magistrate Judge Neiman's written orders.

1.  The parties agree that this is not a complex case and therefore does not require relief from the timing requirements imposed by Local Rule 116.3.

2.  The defendants anticipate requesting discovery concerning expert witnesses under Fed.R.Crim.P. 16(a)(1)(E). The government requests reciprocal discovery pursuant to Fed.R.Crim.P. 16(B)(1)(C). Accordingly, it is appropriate for the Court to establish dates for response by the parties.

3.  The government, at this time, does not anticipate that additional discovery will be provided by the government and the

defendant as a result of the future receipt of information, documents, or reports of examinations or tests.

4. Defendant Arillotta has filed a discovery letter requesting copies of monitoring logs, preliminary transcripts and tape recordings relating to Case No. MBD 03-30016-MAP. The government has agreed to provide this discovery.

5. The government states that a motion date should be established under Fed.R.Crim.P. 12(c).

6. The parties agree that the time from arraignment, through the present is excludable from the Speedy Trial Act pursuant to 18 U.S.C. Section 3161(h)(8)(A) and Local Rule 112.2(A)(1),(2), and (3). Accordingly, the government requests that the Court issue an order indicating that the time from arraignment to the present is excludable pursuant to Local Rule 112.2(B).

7. The parties anticipate a trial in this case which will require approximately two weeks consisting of four hour trial days.

8. The parties agree that it is premature to establish a final status conference at this time.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Ariane D. Vuono
Ariane D. Vuono
Assistant U.S. Attorney

defendant as a result of the future receipt of information, documents, or reports of examinations or tests.

4. Defendant Arillotta has filed a discovery letter requesting copies of monitoring logs, preliminary transcripts and tape recordings relating to Case No. MBD 03-30016-MAP. The government has agreed to provide this discovery. This discovery compliance will be for defendant Nicolari also.

5. The government states that a motion date should be established under Fed.R.Crim.P. 12(c).

6. The parties agree that the time from arraignment, through the present is excludable from the Speedy Trial Act pursuant to 18 U.S.C. Section 3161(h)(8)(A) and Local Rule 112.2(A)(1),(2), and (3). Accordingly, the government requests that the Court issue an order indicating that the time from arraignment to the present is excludable pursuant to Local Rule 112.2(B).

7. The parties anticipate a trial in this case which will require approximately two weeks consisting of four hour trial days.

8. The parties agree that it is premature to establish a final status conference at this time.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

Ariane D. Vuono
Assistant U.S. Attorney

_____
Vincent Bongiorni, Esq.
Counsel for Anthony Arillotta


_____
Daniel Kelly, Esq.
Counsel for David Cecchetelli

_____
Mark Mastroianni, Esq.
Counsel for Louis Naioleari

Dated: June 22, 2005

_____
Vincent Bongiorni, Esq.
Counsel for Anthony Arillotta

_____
Daniel Kelly, Esq.
Counsel for David Cecchetelli

_____
Mark Mastroianni, Esq.
Counsel for Louis Naioleari

Dated: June 22, 2005